IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEATON OVERTON GUNNELS,

    Plaintiff,

v.                                       No. 25-cv-0358-DHU-KK

SEAN SULLIVAN, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Keaton Overton Gunnels' *pro se* Complaint in Equity for Breach of Fiduciary Duty and Subrogation (Doc. 1) (Complaint). Also before the Court is his Motion to Request Hearing (Doc. 5) (Motion). Plaintiff seeks damages from the individuals involved in his federal criminal proceeding. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court finds the requested relief is barred as a matter of law and will dismiss the Complaint.

## BACKGROUND

This case stems from Plaintiff's federal criminal conviction in *United States v. Gunnels,* 19-cr-0594 MV. Plaintiff pled guilty to making a false statement on a loan or credit application in violation of 18 U.S.C. § 1014. *See* Doc. 66 in 19-cr-0594 MV. In 2022, the Hon. Martha Vázquez sentenced Plaintiff to the lesser of three days imprisonment or time served, followed by a term of supervised release. *Id.* Judge Vázquez revoked Plaintiff's probation on March 24, 2025 but released him the following day, March 25, 2025. *See* Doc. 101 in 19-cr-0594 MV. Plaintiff continued filing sovereign citizen documents in the criminal case following his release.

By an Order enter October 9, 2025, Judge Vázquez imposed filing restrictions on all new criminal and civil filings.   *See* Doc. 115 in 19-cr-0594 MV.

Plaintiff opened the instant civil case before that date.   The Complaint is therefore not subject to the filing restrictions.   The Complaint names Judge Vázquez; Sean Sullivan, the Assistant U.S. Attorney (AUSA) who prosecuted Plaintiff in the federal case; and retired Clerk of Court Mitch Elfers, who oversaw court filings in the District of New Mexico.   *See* Doc. 1 at 1-2. The caption of the Complaint also appears to list the United States District Court, but there are no allegations indicating the entire Court was involved in any alleged wrongdoing.   Plaintiff seeks a declaration that Defendants breached their fiduciary duties; unspecified money damages; and an order "exonerating [him]," presumably in connection with the criminal charges.   *Id.* at 5. Plaintiff paid the civil filing fee, and the matter is ready for initial review.

## STANDARD OF REVIEW

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all prisoner complaints that are filed against a government official.   The Court must dismiss any such complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A.   The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."   *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).   The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, *pro parties* must file a discernable pleading that complies with Fed. R. Civ. P. 8. That rule requires a short and plain statement of the grounds for relief and for the Court's jurisdiction. *See* Rule 8(a). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

## DISCUSSION

The crux of the Complaint is that Judge Vázquez; AUSA Sullivan; and retired Clerk Mitch Elfers are somehow liable following Plaintiff's criminal conviction. The nature of the claims are difficult to discern. The body of the Complaint primarily consists of legal phrases used by sovereign citizens including implied surety bonds, adhesion contracts, notices creating an estate in Plaintiff's name, and fiduciary trustees. *See* Doc. 1 at 2-5; *see also Abdussalaam v. Virginia*, 2025 WL 1106093, at *2 (W.D. Va. Apr. 14, 2025) (plaintiff's "references to Admiralty law, contracts, and commercial surety transactions … sound like those made by followers of the sovereign citizen movement, which have been rejected by this court and others across the country"); *Chambers v. Goldey*, No. 1:25-CV-00779, 2025 WL 3784485, at *2 (W.D. La. Dec. 4,

3

2025) (rejecting sovereign citizen claims "regarding the UCC and surety bonds"); *In re Kilpatrick*, 2025 WL 3295748, at *7 (Bankr. S.D. Ohio Nov. 24, 2025) (describing movant's "sovereign citizen theories," including the alleged creation of "adhesion contracts"); *Yarbough v. Pennsylvania*, 2025 WL 2724384, at *4 (E.D. Pa. Sept. 24, 2025) (rejecting plaintiff's "sovereign-citizen arguments" that a judge lacked jurisdiction to order detention).

Plaintiff appears to believe that by using these phrases, he can create a financial obligation or negate his criminal judgment. As one court explained, "[s]overeign citizens conflate criminal prosecution with commercial claims, believing that criminal defendants can post a bond tied to their birth certificate or a fictional treasury account." *Anderson v. United States*, 2025 WL 3720429, at *3 n. 4 (Fed. Cl. Dec. 23, 2025). "Through this line of reasoning, a criminal act creates a financial debt, and if a convicted defendant pays off that debt through fictional bonds or sureties, then the [criminal] judgment is satisfied." *Id.*

The Tenth Circuit has repeatedly held that sovereign citizen theories do not state a cognizable claim for relief. *See Serpik v. Weedon,* 2024 WL 5055221, at *2 (10th Cir. Dec. 10, 2024) (affirming dismissal of claims that "bore the hallmarks of typical sovereign citizen arguments"); *United States v. Bracken*, 2025 WL 3470848, at *2 (10th Cir. Dec. 3, 2025) (finding an appeal would be "wholly frivolous" where the requests/arguments were "indicative of the sovereign citizen movement"); *Charlotte v. Hansen*, 433 Fed. App'x 660, 661 (10th Cir. 2011) (rejecting claims against a judge and concluding that "[a]n individual's belief [in] h[is] status as a 'sovereign citizen' … has no conceivable validity in American law").

To the extent the Complaint sets forth discrete factual allegations, rather than legal phrases, it still fails to survive initial review. At most, Plaintiff alleges Judge Vázquez, retired Clerk Mitch

4

Elfers, and/or AUSA Sean Sullivan:

(1) Failed to disclose the consequences of the criminal plea;

(2) Denied Plaintiff's motions or requests for relief;

(3) Cancelled a meeting and/or refused to conduct an ex parte "chambers hearing;"

(4) Declined to forward a "bill in equity for subrogation and substitution" to all Article III judges in this Court; and

(5) Refused to accept an appointment as a trustee or otherwise take action based on Plaintiff's issuance of sovereign citizen documents.

*See* Doc. 1 at 2-4.

As noted above, Plaintiff has not connected these allegations to a specific legal claim. Assuming he intends to raise claims under some federal theory, such as *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] the claims fail as a matter of law.   Judges are immune from suit based on actions taken in their judicial capacity.   *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).   "[I]mmunity applies even when the judge is accused of acting maliciously."   *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).   The only exception is when a judge "acts clearly without any colorable claim of jurisdiction," which did not occur here.   *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990).   "[J]udicial immunity has ... been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 Fed. App'x. 725, 728 (10th Cir. 2008).   *See also Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981) (immunity applies when court staff

---

[1] "A Bivens suit against a federal [official] … is the federal equivalent of a suit against State officials under [42 U.S.C.] § 1983."   *Springer v. Albin*, 398 Fed. App'x 427, 435 (10th Cir. 2010).

acts "as an official aide of the judge").   Plaintiff therefore cannot sue Judge Vázquez or retired clerk Mitch Elfers based on the rulings or filing decisions in Plaintiff's criminal case.[2]

Prosecutors are similarly immune from suit for actions "taken in connection with the judicial process."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).   They cannot be sued based on their "decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court."  *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009).   Immunity does not attach, however, when a prosecutor is not "performing the traditional functions of an advocate."  *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997).   The only allegations against AUSA Sullivan state: (1) he is a "fiduciary trustee[] through special deposit;" (2) he was given certain rights or obligations with respect to an "equitable settlement;" and (3) he became a "subrogor/trustee" after signing some unknown document.   Doc. 1 at 3, 4.   Such information does not show Sullivan committed wrongdoing or that his actions were unrelated to his role as a prosecutor.

For these reasons, the Court will dismiss the Complaint for failure to state a discernable claim for relief under Rule 8(a); Rule 12(b)(6); and 28 U.S.C. § 1915A.   The Court will also deny Plaintiff's Motion to Request Hearing on Complaint (Doc. 5), which is now moot.   *Pro se* prisoners are ordinarily given one opportunity to amend and remedy defects in their pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   Leave to amend presents a close call in this case.   Plaintiff's sovereign citizen arguments are frivolous, and he cannot sue Judge

---

[2] The Court also notes that while the caption of Complaint lists the "U.S. District Court," the allegations only appear to involve Judge Vázquez and Mitch Elfers.

Vázquez or retired clerk Mitch Elfers as a matter of law. However, because the claims are difficult to understand and because Plaintiff will be subject to filing restrictions if he opens a new case, the Court will give him one chance to file an amended complaint. The amendment is due within thirty (30) days of entry of this ruling. The amendment cannot name parties who are immune, such as Judge Vázquez or retired clerk Mitch Elfers. The amendment must make clear "exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). It must also clarify what legal claims Plaintiff is raising and state whether those claims arise under federal law or the U.S. Constitution. If Plaintiff fails to timely amend, or if he files another complaint that violates the above instructions, the Court may dismiss this case with or without prejudice.

**IT IS ORDERED** that Plaintiff's Complaint in Equity for Breach of Fiduciary Duty and Subrogation (**Doc. 1**) is **DISMISSED without prejudice**; and within thirty (30) days of entry of this Order, Plaintiff must file a single amended pleading that complies with the above instructions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Request Hearing (**Doc. 5**) is **DENIED as moot**.

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

7