# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KEATON OVERTON GUNNELS,

    Plaintiff,

v.                                                                      No. 25-cv-0358-DHU-KK

SEAN SULLIVAN, *et al*,

    Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Plaintiff Keaton Overton Gunnels' failure to amend his complaint as directed.   The Court previously dismissed his sovereign-citizen Complaint (Doc. 1) but granted leave to amend and clarify the claims.   Because Plaintiff failed to comply, the Court will dismiss this case and enter final judgment.

## BACKGROUND

Plaintiff's original *pro se* Complaint (Doc. 1) cites sovereign citizen legal theories and appears to seek money damages based on Plaintiff's federal revocation proceeding in *United States v. Gunnels,* 19-cr-0594 MV.   Plaintiff pled guilty in that case to making a false statement on a loan or credit application under 18 U.S.C. § 1014.   *See* Doc. 66 in 19-cr-0594 MV.   In 2022, the Hon. Martha Vázquez sentenced Plaintiff to the lesser of three days imprisonment or time served, followed by a term of supervised release.   *Id.*   Judge Vázquez revoked Plaintiff's probation on March 24, 2025 but released him the following day, March 25, 2025.   *See* Doc. 101 in 19-cr-0594 MV.   Plaintiff continued filing sovereign citizen documents in the criminal case following his release.   By an Order enter October 9, 2025, Judge Vázquez imposed filing restrictions on all new

criminal and civil filings.   *See* Doc. 115 in 19-cr-0594 MV.

Plaintiff opened the instant civil case before that date.   The Complaint is therefore not subject to the filing restrictions.   The original Complaint (Doc. 1) names Judge Vázquez; Assistant U.S. Attorney (AUSA) Sean Sullivan, who prosecuted Plaintiff in the federal criminal case; and retired Clerk of Court Mitch Elfers, who oversaw court filings in the District of New Mexico.   *See* Doc. 1 at 1-2.   The caption of the original Complaint also appears to list the United States District Court, but there are no allegations indicating the Court itself was involved in any alleged wrongdoing.   The original Complaint seeks a declaration that Defendants breached their fiduciary duties; unspecified money damages; and an order "exonerating [Plaintiff]," presumably in connection with the criminal charges.   *Id.* at 5.

By a Memorandum Opinion and Order entered March 5, 2026, the Court reviewed the original Complaint based on its inherent authority under Fed. R. Civ. P. 12(b)(6) and determined it does not state a cognizable claim or satisfy the requirements of Fed. R. Civ. P. 8(a).   *See* Doc. 12 (Screening Ruling"); *see also Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (Courts may dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged"); *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants [and the Court] of the legal claims being asserted").

Based on Plaintiff's *pro se* status, and because the original claims are difficult to discern, the Court *sua sponte* invited him to file an amended complaint.   *See* Doc. 12 at 6.   The deadline to amend expired no later than April 6, 2026.   Plaintiff did not comply or otherwise respond to the Screening Ruling.   The Court will therefore consider whether to dismiss this case with or

without prejudice.

## DISCUSSION

As noted in the Screening Ruling, the original Complaint fails to demonstrate Judge Vázquez; AUSA Sullivan; or retired Clerk Mitch Elfers are liable for money damages based on Plaintiff's criminal conviction or the 2025 revocation proceeding. The body of the original Complaint primarily consists of legal phrases used by sovereign citizens including implied surety bonds, adhesion contracts, notices creating an estate in Plaintiff's name, and fiduciary trustees. *See* Doc. 1 at 2-5; *see also Abdussalaam v. Virginia*, 2025 WL 1106093, at *2 (W.D. Va. Apr. 14, 2025) (plaintiff's "references to Admiralty law, contracts, and commercial surety transactions … sound like those made by followers of the sovereign citizen movement, which have been rejected by this court and others across the country"); *Chambers v. Goldey*, No. 1:25-CV-00779, 2025 WL 3784485, at *2 (W.D. La. Dec. 4, 2025) (rejecting sovereign citizen claims "regarding the UCC and surety bonds"); *In re Kilpatrick*, 2025 WL 3295748, at *7 (Bankr. S.D. Ohio Nov. 24, 2025) (describing movant's "sovereign citizen theories," including the alleged creation of "adhesion contracts"); *Yarbough v. Pennsylvania*, 2025 WL 2724384, at *4 (E.D. Pa. Sept. 24, 2025) (rejecting plaintiff's "sovereign-citizen arguments" that a judge lacked jurisdiction to order detention).

While the exact nature of the claims in the original Complaint are difficult to discern, Plaintiff appears to believe that by using these phrases, he can create a financial obligation or negate his criminal judgment. As one court explained, "[s]overeign citizens conflate criminal prosecution with commercial claims, believing that criminal defendants can post a bond tied to their birth certificate or a fictional treasury account." *Anderson v. United States*, 2025 WL

3

3720429, at *3 n. 4 (Fed. Cl. Dec. 23, 2025). "Through this line of reasoning, a criminal act creates a financial debt." *Id.*

The Screening Ruling explains that under Tenth Circuit law, sovereign citizen theories do not state a cognizable claim for relief. *See Serpik v. Weedon,* 2024 WL 5055221, at *2 (10th Cir. Dec. 10, 2024) (affirming dismissal of claims that "bore the hallmarks of typical sovereign citizen arguments"); *United States v. Bracken*, 2025 WL 3470848, at *2 (10th Cir. Dec. 3, 2025) (finding an appeal would be "wholly frivolous" where the requests/arguments were "indicative of the sovereign citizen movement"); *Charlotte v. Hansen*, 433 Fed. App'x 660, 661 (10th Cir. 2011) (rejecting claims against a judge and concluding that "[a]n individual's belief [in] h[is] status as a 'sovereign citizen' … has no conceivable validity in American law").

The Screening Ruling further explains that to the extent the original Complaint sets forth discrete factual allegations, rather than legal phrases, it still fails to state a cognizable claim for relief.  At most, the original Complaint alleges Judge Vázquez, retired Clerk Mitch Elfers, and/or AUSA Sean Sullivan:

(1) Failed to disclose the consequences of the criminal plea;

(2) Denied Plaintiff's motions or requests for relief;

(3) Cancelled a meeting and/or refused to conduct an ex parte "chambers hearing;"

(4) Declined to forward a "bill in equity for subrogation and substitution" to all Article III judges in this Court; and

(5) Refused to accept an appointment as a trustee or otherwise take action based on Plaintiff's issuance of sovereign citizen documents.

*See* Doc. 1 at 2-4.

4

The Screening Ruling notes that Plaintiff has not connected these allegations to a specific legal claim.   Even assuming he intends to raise claims under some federal theory, such as *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] the Court determined the claims fail as a matter of law.   Judges are immune from suit based on actions taken in their judicial capacity.   *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).   "[I]mmunity applies even when the judge is accused of acting maliciously."   *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).   The only exception is when a judge "acts clearly without any colorable claim of jurisdiction," which did not occur here.   *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). "[J]udicial immunity has ... been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 Fed. App'x. 725, 728 (10th Cir. 2008).   *See also Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981) (immunity applies when court staff acts "as an official aide of the judge").   Plaintiff was therefore advised that he cannot sue Judge Vázquez or retired clerk Mitch Elfers based on the rulings or filing decisions in Plaintiff's criminal case.[2]

Prosecutors are similarly immune from suit for actions "taken in connection with the judicial process."   *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).   They cannot be sued based on their "decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what

---

[1]  "A Bivens suit against a federal [official] … is the federal equivalent of a suit against State officials under [42 U.S.C.] § 1983."   *Springer v. Albin*, 398 Fed. App'x 427, 435 (10th Cir. 2010).

[2] The Screening Ruling also notes that while the caption of Complaint lists the "U.S. District Court," the allegations only appear to involve Judge Vázquez and Mitch Elfers.   Plaintiff did not amend to explain how or why the U.S. District Court is involved in this case.

information to show the court." *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009). Immunity does not attach, however, when a prosecutor is not "performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). The only allegations against AUSA Sullivan state: (1) he is a "fiduciary trustee[] through special deposit;" (2) he was given certain rights or obligations with respect to an "equitable settlement;" and (3) he became a "subrogor/trustee" after signing some unknown document. Doc. 1 at 3, 4. The Screening Ruling explains that such information does not show Sullivan committed wrongdoing or that his actions were unrelated to his role as a prosecutor.

For each alternative reason above, the Screening Ruling dismissed the original Complaint (Doc. 1) for failure to state a discernable claim for relief under Rule 8(a) or Rule 12(b)(6). The Court noted that leave to amend presents a close call in this case. Plaintiff's sovereign citizen arguments are frivolous, and he cannot sue Judge Vázquez or retired clerk Mitch Elfers as a matter of law. However, because the claims are difficult to understand and because Plaintiff will be subject to filing restrictions if he opens a new case, the Court gave him one more chance to file an amended complaint. The Screening Ruling provides instructions on how to comply with Rule 8 and Rule 12(b)(6). The Screening Ruling also requires Plaintiff to clarify what legal claims he is raising and state whether those claims arise under federal law or the U.S. Constitution. Plaintiff was warned that the failure to timely amend may result in dismissal with or without prejudice. *See* Doc. 12 at 7.

As noted above, Plaintiff did not amend; respond; or otherwise attempt to clarify his claims. The Court will therefore dismiss this case under Fed. R. Civ. P. 41(b) for failure to comply with Court orders and alternatively, under Rule 8(a) for failure to clarify the claims and provide a short,

plain statement of the grounds for relief.   *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).   Such dismissals may be entered with or without prejudice.   *See Fontana v. Pearson,* 772 Fed. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice."); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (applying the same rule under Rule 41).   Because the claims are not currently clear, the Court will dismiss this case without prejudice.   To the extent any claim can be construed to challenge the federal revocation judgment, the Court will deny a certificate of appealability (COA) under Habeas Corpus Rule 11. *See Barnes v. New Mexico Department of Corrections*, Summary Order entered October 31, 2023 (requiring the District Court to grant or deny a COA following dismissal where the pleadings could be construed to raise civil claims and challenge an underlying criminal proceeding).

**IT IS ORDERED** that the above-captioned case, and all claims herein, are **DISMISSED without prejudice** for failure to file an amended complaint and clarify claims as directed; a certificate of appealability is **DENIED**, to the extent necessary; and the Court will enter a final judgment closing the civil case.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

7